TERRY SMITH CARADORI, APPELLEE AND
CROSS-APPELLANT, v. FRONTIER AIRLINES, INC.,
APPELLANT AND CROSS-APPELLEE.

329 N.W.2d 865

Filed February 11, 1983. No. 82-208.

Baylor, Evnen, Curtiss, Grimit & Witt, for appellant.

Spencer W. Dillon, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

WHITE, J.

Appellee resided in Omaha, Nebraska, from January of 1978 until September of 1978. From September of 1978 until June of 1979 she resided in Denver, and in June of 1979 she returned to Omaha. On February 8, 1979, appellee was a flight attendant for Frontier Airlines, Inc., with her employment base of operations in Denver, Colorado. She was working on a Frontier Airlines flight from Denver to Kansas City, Missouri, when the plane suddenly veered and she fell off balance and received the back injury complained of. The appellee has a previous history of back injury, the most worthy of note being a 1978 incident. The Workmen's Compensation Court made an award and the employer appeals.

A number of issues are raised by appellant: (1) The scope of the jurisdiction of the Workmen's

Compensation Court under Neb. Rev. Stat. § 48-115(2)(b) (Reissue 1978); (2) If we find that the compensation court had jurisdiction, whether an action based on these same facts filed in another state requires the Nebraska action to be abated, or stayed; (3) Whether the acceptance of benefits under the Colorado workmen's compensation law precluded recovery under Nebraska law; and (4) Whether the compensation court erred. in finding that Caradori's disability arose out of and in the course of her employment by Frontier Airlines, Inc.

In view of our decision in this case, we will discuss only the fourth assignment of error.

It is well settled that findings of fact made by the Workmen's Compensation Court on rehearing have the same force and effect as a jury verdict in a civil case and, if supported by sufficient evidence, will not be disturbed on appeal unless clearly wrong. *Renshaw v. Merrigol-Adler Bakery,* 212 Neb. 662, 325 N.W.2d 46 (1982).

Essentially, the question which arises in this case is the same one which has with increasing frequency arisen in other compensation court appeals, namely, whether there has been sufficient proof of medical causation to establish that the disability is the result of an accident arising out of as well as in the course of employment. The medical evidence establishes that Caradori suffers from the effects of a cervical sprain with attendant pain and suffers a disability which the compensation court determined to be 10 percent of the body as a whole.

The testimony offered by Caradori relating to causation is by Dr. Louis Tribulato, an orthopedist, as follows: "Q. Regarding the history that she gave you of the two injuries, do you feel that these, her current condition, could have been caused by those injuries? A. Yes. MR. ZINC: Obtain [sic] as no proper and sufficient foundation. Go ahead. BY MR. DILLON: Q. And would you state this

conclusion based upon your skill, training and experience and with reasonable medical certainty? A. Yes."

Dr. John Goldner, a neurologist, testified that, with reasonable medical certainty, a cervical nerve impingement *could* have been caused by the first or second accident.

None of the physicians, whether testifying for Frontier Airlines or Caradori, stated that, in their opinion, Caradori's disability *was* the result of an accident arising out of as well as in the course of employment.

This is a difficult case. Whether by accident or design, counsel omitted asking expert medical opinion on causation. We are not free to retry cases on appeal, or to speculate on the answers treating physicians might have given to questions not asked.

Neb. Rev. Stat. § 48-101 (Reissue 1978) provides in part that "When personal injury is caused to an employee *by accident* or occupational disease, arising out of and in the course of his or her employment, such employee shall receive compensation therefor . . . ." (Emphasis supplied.)

In *Smith v. Stevens,* 173 Neb. 723, 725-26, 114 N.W.2d 724, 726 (1962), this court stated that "The burden of proof is upon the plaintiff to prove an accident arising out of and in the course of his employment and the disability resulting therefrom. Plaintiff must show a causal connection between the accident suffered by him and the alleged disability." Although the *Smith* decision was rendered under a de novo review and not the present clearly erroneous standard, its logic remains applicable to the facts in the present case.

Also, in *Mack v. Dale Electronics, Inc.,* 209 Neb. 367, 370, 307 N.W.2d 814, 816 (1981), we said: " 'Where the claimed injuries are of such a character as to require skilled and professional persons to determine the cause and extent thereof, the question is one of science. Such a question must necessarily be determined from the testimony of skilled profes-

sional persons and cannot be determined from the testimony of unskilled witnesses having no scientific knowledge of such injuries.' The employee must show by competent medical testimony a causal connection between the alleged injury, the employment, and the disability.''

An award of compensation may not be based on possibilities or speculative evidence. *Welke v. City of Ainsworth,* 179 Neb. 496, 138 N.W.2d 808 (1965). Thus, the mere possibility that a disability arose out of and in the course of employment does not satisfy the claimant's burden of proof.

The claimant, Caradori, having only proved that the disability could have been caused by an accident arising out of and in the course of employment has not sustained her burden of proof. The award must be reversed and the cause remanded with directions to dismiss the petition.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.