MELVIN LEE MINER, APPELLANT, V. ROBERTSON HOME FURNISHING AND CORNHUSKER CASUALTY, APPELLEES, STATE OF NEBRASKA, VOCATIONAL REHABILITATION FUND, INTERVENOR-APPELLEE.

462 N.W.2d 96

Filed November 2, 1990.    No. 90-094.

O. William VonSeggern for appellant.

Scott A. Burcham, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellees.

Robert M. Spire, Attorney General, and Lisa D. Martin-Price for intervenor-appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Melvin Lee Miner appeals the dismissal on rehearing of his claim before the Workers' Compensation Court, in which the three-judge panel reversed and set aside an award of disability benefits.

Miner's assignments of error assert that there was insufficient evidence in the record to warrant the compensation court's decision and that the court's findings of fact do not support the dismissal. We remand to the compensation court with directions to make further evidentiary findings.

We have held that in determining whether the evidence is sufficient to support an award by the compensation court, the evidence must be considered in the light most favorable to the successful party. The findings of fact made by the compensation court after rehearing will not be set aside unless clearly wrong. *Canas v. Maryland Cas. Co., ante* p. 164, 459 N.W.2d 533 (1990); *Snyder v. IBP, inc.*, 235 Neb. 319, 455 N.W.2d 157 (1990). However, in this case the record is not clear as to whether certain evidence was considered by the court in making its determination.

Miner, who at the time of the initial hearing was 32 years old and the father of a 3-year-old, has a history of back problems. He first injured his back in 1976 when lifting slabs at work at TRW Capacitors. While helping a friend move a television in 1985, he reinjured his back. In April 1986, he told his physician, Dr. Gordon Bainbridge, that he had recurring episodes of back pain, but the symptoms usually improved with a few days' rest. At that time he had surgery for a herniated disk. His pain increased in July 1986 after helping his father-in-law move irrigation pipe. In August 1986, Dr. Bainbridge recommended that Miner wear a lumbosacral corset.

About 1 month after beginning work as an appliance repairman for the defendant Robertson Home Furnishing, Miner suffered additional pain while loading a refrigerator. Miner did not report the October 10, 1986, incident to his employer, nor did he seek medical attention immediately. Miner testified that he continued working for Robertson until February or March 1987, when he had a lumbar laminectomy on his back.

Robertson and its insurer, defendant Cornhusker Casualty, paid Miner's medical bills and disability of $133.33 per week from the date of the injury until the initial hearing in November 1988. Miner had additional back surgery in 1988.

After the employer and its insurance company requested that Miner consult with Quality Rehabilitation Services, Miner offered a vocational rehabilitation plan which called for him to be trained as a pilot so that he could become a crop duster. The plan was denied by Larry Lorenzen, the vocational rehabilitation specialist of the compensation court, because (1) the new occupation would increase Miner's earning capacity, (2) the specialist did not believe that Miner could physically handle the job, and (3) the work was of a seasonal nature. Miner submitted a second plan, dated February 10, 1989.

Miner's petition was dismissed on rehearing on December 19, 1989. The three-judge panel held that Miner's injury, if proven, would be subjective, in which case Miner would be required to show with reasonable medical certainty or probability a causal connection between the disability and his employment. The court found that he could not meet that burden without an expert opinion supporting the claimed causal connection. Finding that the record lacked a statement of opinion by a medical expert supporting Miner's contention, the court reversed Miner's disability award and set it aside. The court noted that exhibits 26 and 27, depositions which were taken following the initial hearing, were "submitted and received in evidence post hearing."

At issue here are two pieces of evidence: an entry in Dr. Bainbridge's notes and the revised rehabilitation plan. Miner argues that an entry by Dr. Bainbridge of May 23, 1989, supports his claim and meets the requirements for an expert medical opinion, while the defendants suggest that the compensation court dismissed the appeal after taking the note into consideration.

The note in question was offered as a part of exhibit 1 at Miner's deposition taken on October 30, 1989, after the rehearing. The exhibit consists of Dr. Bainbridge's office notes on Miner, beginning with July 15, 1986, and continuing to October 12, 1989. Earlier entries in Dr. Bainbridge's notes,

from April 9, 1986, to June 2, 1988, had been offered and received as exhibit 2 at the initial hearing. The entry at issue reads:

> At this time, we are going to continue a good aggressive exercise program and he is waiting to undergo vocational rehabilitation and incidentally, he tells me that the insurance company told him that the second accident when he was lifting a refrigerator was not the cause, but was related to the first accident and as I have told Melvin there is a 10% recurrence after you have had a previous disc problem and certainly the timing of the lifting of the refrigerator and the pain that he developed afterwards, suggests that indeed the injury that he had when he lifted the refrigerator is what caused his recurrent disc problem.

The defendants objected to the offer of exhibit 1 at the deposition. In the three-judge panel's dismissal, it noted that exhibit 27, Miner's deposition, had been "received in evidence post hearing." However, this does not tell us whether the court considered the May 23, 1989, entry or whether it considered the objection to its receipt. We are not faced with a question of accepting the factual findings of the Workers' Compensation Court, but with insufficient information to determine whether the court adequately made factual findings on this issue. We must remand with directions to the court to rule on the receipt of this evidence.

The record also is unclear as to whether the court received the second rehabilitation plan, which was offered as exhibit 12. Miner argues that the plan, which called for him to be retrained in the field of biomedical technology, had been agreed to by all parties and therefore acts as a binding settlement. The record shows that the plan, dated February 10, 1989, was listed as an exhibit in the pretrial order, but that the defendants objected to the offer of exhibit 12 at the rehearing. Initially, the court reserved ruling on the objection. The record does not show that any later ruling was made.

When testimony was received from Lorenzen concerning the second plan, the defense again objected, noting that the witness was being asked "to comment on an exhibit that is not before the Court." Lorenzen testified as to the costs associated with the

second plan and stated that he believed that Miner would be able to find suitable employment as a biomedical technician after his training. The record does not indicate, however, that any ruling on the objection was made by the court. Again, we cannot accept the compensation court's findings as findings of fact when we cannot determine whether it considered the evidence. We remand with directions to the court to rule on the receipt into evidence of the second rehabilitation plan, dated February 10, 1989.

We remand to the Workers' Compensation Court with directions to make findings on the evidentiary issues and to address the question of whether a settlement agreement is binding on all parties.

REMANDED WITH DIRECTIONS.

CAPORALE, J., dissenting.

It seems to me the majority overlooks the fundamental principle that a workers' compensation claimant must in all instances prove by a preponderance of the evidence that the accident arising out of and in the course of employment proximately caused the claimed injury and resultant disability. *Heiliger v. Walters & Heiliger Electric, Inc., ante* p. 459, 461 N.W.2d 565 (1990). Unless the character of the injury is objective, that is, its nature and effect are plainly apparent, the injury is subjective and the causal relationship between it, the accident, and any resultant injury and disability must be proved by expert opinion. *Fees v. Rivett Lumber Co.*, 228 Neb. 617, 423 N.W.2d 483 (1988). But see *Luehring v. Tibbs Constr. Co.*, 235 Neb. 883, 457 N.W.2d 815 (1990). In order to support an award, medical evidence must be sufficiently definite and certain as to support a conclusion that there was a causal connection between the accident and the disability. *Gilbert v. Sioux City Foundry*, 228 Neb. 379, 422 N.W.2d 367 (1988). That rule led us to hold that a medical opinion based on reasonable medical certainty that the disability "could" have been caused by the injuries in question lacked the degree of definiteness and certainty required. *Caradori v. Frontier Airlines*, 213 Neb. 513, 329 N.W.2d 865 (1983).

Thus, even if we assume that Dr. Bainbridge's questioned note should have been received in evidence and was not, the

error would be harmless, for I submit saying that "A suggests B" is no more definite and certain than saying that "A could have caused B."

Accordingly, I would affirm.

BOSLAUGH, J., joins in this dissent.