MELVIN LEE MINER, APPELLANT, V. ROBERTSON HOME FURNISHING AND CORNHUSKER CASUALTY, APPELLEES, STATE OF NEBRASKA, VOCATIONAL REHABILITATION FUND, INTERVENOR-APPELLEE.

476 N.W.2d 854

Filed November 15, 1991.    No. 91-064.

O. William VonSeggern, of Grimminger & VonSeggern, for appellant.

Scott A. Burcham and David A. Dudley, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellees.

Don Stenberg, Attorney General, and Lisa D. Martin-Price for intervenor-appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This workers' compensation case is before us for the second time. The first decision is reported at *Miner v. Robertson Home Furnishing*, 236 Neb. 514, 462 N.W.2d 96 (1990). This court takes judicial notice of the record in that case. See *State ex rel. Pederson v. Howell*, 239 Neb. 51, 474 N.W.2d 22 (1991).

## BACKGROUND

The record shows that the plaintiff-appellant, Melvin Lee Miner, has a history of back problems. On October 10, 1986, while in the employ of the defendant-appellee Robertson Home Furnishing (Robertson), Miner reinjured his back while moving a refrigerator. Robertson and its insurer, defendant-appellee Cornhusker Casualty, voluntarily paid Miner's medical bills and disability from the date of injury until the initial hearing in this case.

After the October 10 accident, the parties also agreed to a vocational rehabilitation plan whereby Miner would be trained as a pilot so that he could become a crop duster. This plan was denied, however, by the vocational rehabilitation specialist of the Workers' Compensation Court. See Neb. Rev. Stat. § 48-162.01 (Reissue 1988). Based on this rejection, Miner filed suit in the Workers' Compensation Court on July 15, 1988. In their answer, the appellees for the first time denied that Miner's condition arose out of and in the course of his employment with Robertson.

After a hearing held on November 16, 1988, the Workers' Compensation Court found that Miner's injuries were caused by the October 10 accident and thus were compensable, but rejected the rehabilitation plan agreed to by the parties. The court gave Miner 90 days to submit a new plan for approval.

Following this disposition two significant events occurred. First, the appellees petitioned for a rehearing, contesting the court's findings that Miner's injuries arose out of and during the course of his employment with Robertson and that he was entitled to vocational rehabilitation. Second, an alternative rehabilitation plan signed by both Robertson's insurer and the Workers' Compensation Court rehabilitation specialist, dated February 10, 1989, was received in the Workers' Compensation

Court on March 6.

On rehearing, the Workers' Compensation Court dismissed Miner's petition, finding that he failed to produce sufficient expert evidence linking his injuries to the accident of October 10. We remanded for a clarification regarding whether certain evidence was admitted during the rehearing and whether the second rehabilitation plan constituted a settlement of the case. In response, the Workers' Compensation Court filed an "Amplification of Dismissal," from which Miner appeals.

## ASSIGNMENTS OF ERROR

On appeal, Miner argues that the Workers' Compensation Court erred in (1) finding that the second rehabilitation plan did not constitute a binding settlement of the case and (2) finding that he failed to produce expert testimony sufficiently definite and certain to establish a causal connection between his injuries and the October 10 accident.

## THE REHABILITATION PLAN

In its amplified order, the Workers' Compensation Court states that the second rehabilitation plan was received into evidence and considered by the rehearing panel. The court then offers three grounds for its decision that the plan does not constitute a binding settlement agreement. First, the court asserts that "an employee who suffers disability as a result of an injury not covered by the Nebraska Workers' Compensation Act is not entitled under any circumstances to vocational rehabilitation services under the Act." Second, the court finds that the plan does not constitute an agreement to settle the case. Finally, the court holds that even if the plan does manifest an agreement to settle the case, it is not binding because the court never approved it.

Neb. Rev. Stat. § 48-136 (Reissue 1988) requires that a copy of any settlement agreement reached by the parties be filed with the Workers' Compensation Court and that the agreement otherwise comply with the act. Neb. Rev. Stat. § 48-140 (Reissue 1988) provides that no settlement is final unless approved by and "a finding [is made] by" the Workers' Compensation Court and the district court or any appellate court. This court has construed these two sections as rendering

void and of no effect settlement agreements not filed in and approved by the Workers' Compensation Court. See, *Duffy Brothers Constr. Co. v. Pistone Builders, Inc.*, 207 Neb. 360, 299 N.W.2d 170 (1980); *James v. Rainchief Constr. Co.*, 197 Neb. 818, 251 N.W.2d 367 (1977); *Miller v. Schlereth*, 151 Neb. 33, 36 N.W.2d 497 (1949); *Riggins v. Lincoln Tent & Awning Co.*, 143 Neb. 893, 11 N.W.2d 810 (1943); *Zurich General Accident & Liability Ins. Co. v. Walker*, 128 Neb. 327, 258 N.W. 550 (1935).

In its amplified order, the Workers' Compensation Court suggests that a finding that the injury is covered by the act is necessary to approve a settlement involving vocational rehabilitation. Though it is not necessary to specifically decide this issue today, we question the validity of this conclusion.

Section 48-162.01 gives the Workers' Compensation Court authority to include a program of vocational rehabilitation in a covered employee's compensation award. The costs of such a program are paid for out of a state vocational rehabilitation trust fund. See § 48-162.01(3) and Neb. Rev. Stat. § 48-162.02 (Reissue 1988). To facilitate the efficient and effective provision of rehabilitation programs, the Legislature also authorized the Workers' Compensation Court to hire vocational rehabilitation specialists to maintain a directory of approved rehabilitation facilities and to aid the court in determining appropriate rehabilitation plans for injured employees. See § 48-162.01.

There is no question a finding that an employee's injury is compensable under the act is required for approval of a vocational rehabilitation plan *paid for by the trust fund*. However, if the parties agree to a settlement including a program of vocational rehabilitation *paid for by the employer or its insurer*, we doubt a finding that the injury is covered by the act is necessarily required. One of the principal reasons parties settle lawsuits is to avoid the costs and risks involved in trying.cases where the outcome is uncertain. Requiring proof of the compensability of an injury as a prerequisite to settlement would eliminate the incentive to settle workers' compensation cases and render the provisions of the act allowing such settlements a nullity. See § 48-136 (giving the parties the right to settle all matters of compensation between themselves).

In making these observations, we emphasize that compliance with the provisions of §§ 48-136 and 48-140, including approval by the Workers' Compensation Court, is required for any settlement agreement. We merely express the view that the Legislature intended such review to focus on the sufficiency of the agreement in terms of protecting the economic interests of the employee, rather than on the validity of the underlying claim. See *Bailey v. United States Fidelity & Guaranty Co.*, 99 Neb. 109, 155 N.W. 237 (1915) (in approving lump-sum settlements, court acts as guardian or next friend of the claimants to preserve the rights of a class of persons often inexperienced in business matters).

However, as noted earlier, we do not today address the significance of the rehearing panel's failure to approve the second rehabilitation plan. It is unnecessary to do so because of our agreement with the Workers' Compensation Court that the parties did not intend to settle this case by signing that plan.

Findings of fact by the Nebraska Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside on appeal unless clearly wrong. *Cline v. County Seat Lounge, ante* p. 42, 473 N.W.2d 404 (1991). In testing the sufficiency of the evidence to support findings of fact made by that court after rehearing, the evidence must be considered in the light most favorable to the successful party. *Id.* Therefore, in determining whether the Workers' Compensation Court erred in finding that the parties did not intend to settle the case, despite their signing the second rehabilitation plan, we consider the evidence in the light most favorable to Robertson and Cornhusker Casualty.

The second rehabilitation plan is dated February 10, 1989. However, the pretrial order filed in this case on March 30, indicates that the parties stated that they had not reached a settlement. Moreover, the fact that the parties went to trial on June 1 on the issues of the cause of Miner's injuries and his entitlement to vocational rehabilitation is rather conclusive evidence that the parties did not intend to settle the case on February 10. Though the purpose of the second plan is unclear, it was apparently intended as a conditional resolution in the event of a result adverse to the appellees on rehearing.

Whatever the explanation, we cannot say the Workers' Compensation Court clearly erred in finding that the parties did not agree to settle the case by signing the second rehabilitation plan. Miner's first assignment of error is without merit.

## THE EXPERT TESTIMONY

In a workers' compensation case involving a preexisting condition, the claimant must prove by a preponderance of evidence that the claimed injury or disability was caused by the claimant's employment and is not merely the progression of a condition present before the employment-related incident alleged as the cause of the disability. *Heiliger v. Walters & Heiliger Electric, Inc.*, 236 Neb. 459, 461 N.W.2d 565 (1990); *Fees v. Rivett Lumber Co.*, 228 Neb. 617, 423 N.W.2d 483 (1988). However, a workers' compensation claimant may recover when an injury, arising out of and in the course of employment, combines with a preexisting condition to produce disability, notwithstanding that in the absence of the preexisting condition no disability would have resulted. *Heiliger, supra*, citing *Spangler v. State*, 233 Neb. 790, 448 N.W.2d 145 (1989).

Unless its nature and effect are plainly apparent, an injury is a subjective condition requiring an expert opinion to establish a causal relationship between the incident and the injury or disability. *Fees, supra*, quoting *Mendoza v. Omaha Meat Processors*, 225 Neb. 771, 408 N.W.2d 280 (1987). An expert's opinion is not sufficient as a matter of law to support such a showing unless it is based on a reasonable degree of medical certainty or a reasonable probability. *Fuglsang v. Blue Cross*, 235 Neb. 552, 456 N.W.2d 281 (1990). As is the case for any question of law, on appeal this court has an obligation to reach a conclusion independent of the conclusion reached by the court whose judgment is subject to review. *In re Estate of McFayden*, 235 Neb. 214, 454 N.W.2d 676 (1990).

Here, Miner claims that the October 10 accident caused him to suffer a herniated disk requiring a lumbar spinal fusion. The appellees produced evidence suggesting that Miner's condition resulted from injuries sustained prior to his employment with Robertson. The Workers' Compensation Court classified this

dispute as one requiring expert medical evidence to establish the cause of Miner's disability. We agree. See *Binkerd v. Central Transportation Co.*, 236 Neb. 350, 461 N.W.2d 87 (1990).

To support his claim that the October 10 accident caused his disability, Miner offered an entry from the office notes of his treating physician, Dr. Gordon D. Bainbridge, dated May 23, 1989, and stating in relevant part:

> [I]ncidentally, [Miner] tells me that the insurance company told him that the second accident when he was lifting a refrigerator was not the cause, but was related to the first accident and as I have told Melvin there is a 10% recurrence after you have had a previous disc problem and certainly the timing of the lifting of the refrigerator and the pain that he developed afterwards, suggests that indeed the injury that he had when he lifted the refrigerator is what caused his recurrent disc problem.

In its amplified order dismissing Miner's petition, the Workers' Compensation Court stated that this entry was admitted into evidence but was insufficient as a matter of law to support Miner's claim because the opinion is not expressed with a reasonable degree of medical certainty or probability. We disagree.

In *Welke v. City of Ainsworth*, 179 Neb. 496, 138 N.W.2d 808 (1965), this court enunciated the standard for determining whether an expert's opinion is sufficient to support a workers' compensation claim. The court held that when a physician's testimony

> gives rise to conflicting inferences of *equal* degree of probability so that the choice between them is a mere matter of conjecture, a compensation award cannot be sustained. Where, however, the inferences are not equally consistent and the more probable conclusion is that for which the claimant contends, then the claimant sustains his burden of proof on the element involved.

(Emphasis supplied.) *Id*. at 504-05, 138 N.W.2d at 813.

Based on *Welke*, this court has held that medical testimony expressed in terms of "possibility" is not sufficient, though such testimony couched in terms of "probability" is sufficient. See, *Hohnstein v. W.C. Frank*, 237 Neb. 974, 468 N.W.2d 597

(1991); *Lane v. State Farm Mut. Automobile Ins. Co.*, 209 Neb. 396, 308 N.W.2d 503 (1981). See, also, *Husted v. Peter Kiewit & Sons Constr. Co.*, 210 Neb. 109, 313 N.W.2d 248 (1981) (White, J., dissenting). This court has also held that "magic words" indicating an expert's opinion is based on a reasonable degree of medical certainty or probability are not necessary, *Hohnstein, supra*, and that the sufficiency of the opinion is judged in the context of the expert's entire statement, see *Welke, supra*.

Here, the appellees focus on the single phrase in Dr. Bainbridge's notes to the effect that the circumstances "suggest" the October 10 incident caused Miner's disability. The appellees cite *Caradori v. Frontier Airlines*, 213 Neb. 513, 329 N.W.2d 865 (1983), for the proposition that Dr. Bainbridge's conclusion that the circumstances "suggest" a compensable injury is no more definite than the physician's opinion in that case that the disability "could" have been caused by the injuries in question. Because we held the expert testimony insufficient in *Caradori*, the appellees argue we must do so in this case as well.

The appellees' argument ignores the larger context of Dr. Bainbridge's report, however. In that report, Dr. Bainbridge first notes the insurance company's conclusion that the October 10 accident did not cause Miner's injuries. He then offers two specific reasons for disagreeing with that conclusion. First, he points out that there is only a 10-percent chance of recurrence after a previous disk problem. Second, he notes the close proximity between the onset of Miner's symptoms and the accident. Reading Dr. Bainbridge's entire report in context, it is clear he is asserting that the insurance company's conclusion is incorrect. Based on the statistical foundation for that conclusion, as bolstered by the timing of the symptoms, Dr. Bainbridge's notes do not give rise to conflicting inferences rendering the choice between them a matter of conjecture. Instead, though he did not use "magic words" to so state, Dr. Bainbridge's notes indicate a conclusion to a reasonable degree of medical certainty that the October 10 incident caused the injuries for which Miner is seeking compensation. See, *Hare v. Watts Trucking Service*, 220 Neb. 403, 370 N.W.2d 143 (1985)

(testimony that work-related accident "very likely" exacerbated claimant's preexisting condition held sufficient); *Halbert v. Champion International*, 215 Neb. 200, 337 N.W.2d 764 (1983) (testimony that it was "very probable" that the injury related to the accident held legally sufficient).

We note that our holding does not mean Miner has satisfied his burden of proof in this case.. We hold only that Dr. Bainbridge's office notes are not insufficient as a matter of law to support Miner's claim. The appellees produced expert testimony contradicting Dr. Bainbridge's conclusion. On remand, the Workers' Compensation Court must decide as a question of fact whether the injuries for which Miner seeks compensation were caused by an accident arising out of and in the course of his employment with Robertson Home Furnishing. See *Scott v. State*, 218 Neb. 195, 352 N.W.2d 890 (1984).

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.

BOSLAUGH, J., participating on briefs.

CAPORALE, J., dissenting.

The admission of Dr. Bainbridge's office note has added nothing of significance to the evidence of causation in this case; I thus adhere to my dissent in *Miner v. Robertson Home Furnishing*, 236 Neb. 514, 462 N.W.2d 96 (1990).

To say that the sequence and timing of an occurrence "suggests" a causal relationship between that occurrence and an injury is simply another way of saying that there is a possible connection between the two. As a matter of law that is, as the compensation court correctly held, insufficiently definite and certain to establish that the event in question proximately caused the disability for which benefits are sought. See *Gilbert v. Sioux City Foundry*, 228 Neb. 379, 422 N.W.2d 367 (1988).

Nor do I understand the majority's compulsion to give advice as to whose interests the compensation court is to protect in settlements. The majority itself recognizes that the question is not involved in the resolution of the case. The difficulty with obiter dictum of this type is that it is made without full consideration of the point and is thus likely to be misleading, if

not wrong. Can there be any real quarrel with the proposition stated by the compensation court that "an employee who suffers disability as a result of an injury not covered by the Nebraska Workers' Compensation Act is not entitled under any circumstances to vocational rehabilitation services under the Act?" In order for the compensation court to assert jurisdiction, must there not be at least a colorable claim that one seeking benefits under the act is subject to its provisions?

BOSLAUGH, J., joins in this dissent.