JAMES K. HAMMELMAN, APPELLEE, V. DREESEN ENTERPRISES, INC., AND FARM BUREAU INSURANCE CO., ITS WORKERS' COMPENSATION CARRIER, APPELLANTS.

575 N.W. 2d 176

Filed February 24, 1998.    No. A-97-750.

Michael K. High, of Keating, O'Gara, Davis & Nedved, P.C., for appellants.

K. Kristen Newcomb and Jeffry D. Patterson, of Healey & Wieland Law Firm, for appellee.

HANNON, MUES, and INBODY, Judges.

HANNON, Judge.

Dreesen Enterprises, Inc., and Farm Bureau Insurance Co., its workers' compensation carrier, appeal from a decision of the Workers' Compensation Court review panel affirming the trial court's finding that James K. Hammelman's sinusitis was caused by his work-related accident. Dreesen and Farm Bureau argue there is insufficient evidence to support Hammelman's medical expert's opinion that Hammelman's chronic sinusitis was caused by a work-related accident in which he was involved. We conclude there is evidence which, if believed, is a sufficient foundation for the expert's opinion. We therefore affirm.

## FACTS

On July 14, 1993, Hammelman was employed as a mechanic for Dreesen. While at work, Hammelman was struck in the face by a compressed coil spring as he installed a pair of struts on an automobile. Five of Hammelman's teeth were knocked out, and his upper jawbone was shattered. Two lacerations near Hammelman's eyebrow and left temple were cleaned and sutured by the emergency room doctor.

Hammelman testified that the emergency room doctor told him that his nose was broken, but "they [the doctor] did not do anything about it . . . he [the doctor] said it was nothing he would worry about." Hammelman also testified that after the accident, he had blood on his face above his left eye and he also had a nosebleed. Hammelman stated he had to pinch his nose to stop the bleeding.

The emergency room report described Hammelman's injuries, but made no mention of a broken nose. The report stated, "There is a lot of blood around the mouth but there is no blood in the nose. The nose is nontender." An x ray showed that the sinuses were clear at the time of the accident.

On July 13, 1994, approximately 1 year after the accident, Hammelman contacted Dr. Michael Rapp, an ear, nose, and throat surgeon, for sinus problems and nasal congestion. Hammelman testified he began having sinus problems after the accident, but he initially attributed this to swelling from the accident and later, to his dental surgery. Hammelman stated he has continually been congested from the time of the accident and now also suffers from headaches. Hammelman testified he had no sinus problems before the accident, with the exception of an occasional cold that would last up to a week. Hammelman also stated he had no previous problems with allergies, asthma, or hay fever.

In September 1994, Rapp ordered a computerized axial tomography (CAT) scan, which indicated that Hammelman was suffering from chronic sinusitis which was affecting the sinuses between his eyes. Rapp ordered additional CAT scans in January and March 1995. Rapp testified that all three consecutive scans showed that Hammelman suffered from chronic sinusitis, but the last two indicated the condition had improved. Rapp prescribed antibiotics and steroids to relieve Hammelman's symptoms. Rapp testified that Hammelman would use an antibiotic, improve, and then relapse. As a result, Rapp recommended endoscopic surgery.

During Rapp's deposition, the following exchange occurred regarding the causation of Hammelman's sinusitis:

> Q. . . . And can you explain why you believe that the injury was the basis for the cause, I guess, the cause of his chronic sinusitis?

A. Because of the time of the onset of his symptoms which occurred after the trauma.

Q. Okay.

A. He has stated each time I have ever asked him, and I really quizzed him hard in the beginning, he unequivocally stated that his symptoms came on after the trauma.

Rapp stated that he relies on the histories given by his patients unless he receives evidence or documents to the contrary.

Rapp was then asked: "[D]o you have an opinion within a reasonable degree of medical certainty whether the chronic sinusitis was caused by the accident of July 13th of '93?" Rapp responded: "Due to his history I feel that it [chronic sinusitis] is caused by the trauma [from the accident when he was hit with the spring]."

Dr. F. Edward Stivers, another ear, nose, and throat specialist, testified that Hammelman's sinusitis was not a result of the accident on July 14, 1993. Stivers opined that Hammelman probably suffered from sinusitis before his injury, but began to focus on his symptoms only after the injury occurred.

On August 15, 1996, Hammelman filed a petition with the Workers' Compensation Court alleging he had sustained a work-related injury and generally praying for workers' compensation benefits.

The Workers' Compensation Court found that Hammelman did not miss enough work to receive temporary total disability and that he could not receive permanent partial disability. Dreesen and Farm Bureau were ordered to continue to provide and pay the medical, hospital, and therapy bills as reasonably necessary due to the accident and injury. In addition, the order stated that future medical expenses included periodic cleaning, maintenance, and replacement of Hammelman's dental appliance as recommended by the treating oral surgeon or dentist. The court failed to specifically address the causation of Hammelman's sinusitis.

Dreesen and Farm Bureau appealed to the review panel, contending the trial court erred in failing to find whether the sinusitis and resulting medical expenses were caused by the injuries that occurred on July 14, 1993. The review panel affirmed the lower court's decision and stated: "Although the award of the

trial court is not as detailed as one would hope, the award is sufficiently clear that the trial court found the expenses for treatment . . . were related to the sinusitis which was caused by the July 14, 1993, accident." The review panel also stated that the record contained sufficient evidence to sustain a finding that the sinusitis and resultant medical treatment were related to the accident and injury of July 14.

## ASSIGNMENT OF ERROR

Dreesen and Farm Bureau allege the review panel erred in finding there was sufficient evidence in the record to sustain a finding that Hammelman's sinusitis and the resultant medical treatment were causally connected to his injury of July 14, 1993.

## STANDARD OF REVIEW

A judgment, order, or award of the compensation court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the judgment, order, or award; or (4) the findings of fact by the compensation court do not support the order or award. Neb. Rev. Stat. § 48-185 (Reissue 1993); *Kerkman v. Weidner Williams Roofing Co.*, 250 Neb. 70, 547 N.W.2d 152 (1996); *Berggren v. Grand Island Accessories*, 249 Neb. 789, 545 N.W.2d 727 (1996). In determining whether to affirm, modify, reverse, or set aside the judgment of the review panel, a higher appellate court reviews the findings of the trial judge who conducted the original hearing. See *Pearson v. Lincoln Telephone Co.*, 2 Neb. App. 703, 513 N.W.2d 361 (1994).

Findings of fact made by a Workers' Compensation Court after review have the same force and effect as a jury verdict and will not be set aside unless clearly erroneous. *Kerkman, supra.* However, as in other cases, an appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Berggren, supra.*

## ANALYSIS

To recover compensation benefits, an injured worker is required to prove by competent medical testimony a causal con-

nection between the alleged injury, the employment, and the disability. *Winn v. Geo. A. Hormel & Co.*, 252 Neb. 29, 560 N.W.2d 143 (1997). Unless its nature and effect are plainly apparent, an injury is a subjective condition requiring an expert opinion to establish a causal relationship between the incident and the injury or disability. *Miner v. Robertson Home Furnishing*, 239 Neb. 525, 476 N.W.2d 854 (1991); *Osborne v. Buck's Moving & Storage*, 232 Neb. 752, 441 N.W.2d 906 (1989). See, also, *Winn, supra.* Causation is a factual issue to be determined by the trier of fact, whose findings will not be set aside unless clearly erroneous. *Zessin v. Shanahan Mechanical & Elec.*, 251 Neb. 651, 558 N.W.2d 564 (1997).

The trial judge chose to accept Rapp's opinion, rather than Stivers' opinion, regarding causation. When the record in a workers' compensation case presents conflicting medical testimony, an appellate court will not substitute its judgment for that of the compensation court. *Kerkman, supra; Paulsen v. State*, 249 Neb. 112, 541 N.W.2d 636 (1996). The Workers' Compensation Court, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Kerkman, supra; Toombs v. Driver Mgmt., Inc.*, 248 Neb. 1016, 540 N.W.2d 592 (1995). The Nebraska Supreme Court has stated that the Workers' Compensation Court determines which, if any, of the expert witnesses to believe. *Surratt v. Watts Trucking*, 249 Neb. 35, 541 N.W.2d 41 (1995).

Dreesen and Farm Bureau contend that the trial court erred in finding sufficient evidence to support the determination that Hammelman's sinusitis was causally related to his July 14, 1993, injury. Specifically, Dreesen and Farm Bureau state that "[a]fter reviewing . . . Dr. Schlickmeier's radiology report, Dr. Rapp changed his opinion from one which was probable or certain to one which was possible." Brief for appellants at 9. This conclusion is based on the following testimony from Rapp: During his deposition, Rapp stated that blood in the sinuses can cause sinusitis. Rapp was then asked if his opinion regarding the causation of Hammelman's sinusitis would change after learning that a CAT scan taken the day of the accident showed no blood in the sinuses:

> Q. . . . And the fact that there wasn't any blood showing on that date of Dr. Schlickmeier's exam . . . doesn't change

your opinion, though, Dr. Rapp, that — the fact that that doesn't show any blood in his —

A. No, I still feel it's *possible*, and I still predicate that upon the history of the patient.

. . . .

Q. And but what — is it from the trauma, though, that causes it [the sinusitis] then? I guess that's what I want to be clear on.

A. If his septum was deviated at the time of the trauma, if there was any kind of displacement, it's all if, if, if. You guys are saying gee, what was it from the trauma that caused it. I can't tell you that. I don't know.

(Emphasis supplied.)

The crux of Dreesen and Farm Bureau's argument is that Rapp's opinion is without foundation because Rapp initially hypothesized that Hammelman's sinusitis was caused by the blood throughout his nose after the accident. Rapp was later informed that a CAT scan taken the day of the accident showed no blood in the sinuses. Even if Rapp's opinion is interpreted to mean he could not say with a reasonable degree of medical certainty that Hammelman's sinus problem was caused by the accident unless blood was in his nose immediately after the accident, we still think his opinion stands because there is evidence, if believed, which establishes that blood was present in Hammelman's nose after the accident. First, the medical history Hammelman gave to Rapp is good evidence of the fact he had blood in his nose, even if the Nebraska rules of evidence apply. See Neb. Rev. Stat. § 27-803(3) (Reissue 1995). Upon redirect examination, Rapp reaffirmed his opinion in spite of the conflicting evidence and stated, "I still predicate that [the presence of blood] upon the history of the patient." We believe that both Rapp and the trial court were entitled to believe this evidence. Second, Hammelman testified at trial that immediately after the accident he had a nosebleed and that he had to pinch his nose to stop it.

We recognize that the medical record prepared after the injury noted that "[t]here is a lot of blood around the mouth but there is no blood in the nose," and this impeaches the evidence. The evidence is also impeached by Hammelman's answer in a

patient questionnaire when he answered "No" to the query regarding "bleeding from the nose." Hammelman's evidence about the nosebleed is also contradicted to a degree by other observations of medical personnel at the time of treatment. However, none of this evidence is entitled to be believed as a matter of law. A dispute of fact is for the trial judge to resolve, and apparently he resolved it in Hammelman's favor. In so doing, the judge determined that Rapp's opinion has an adequate foundation.

When Rapp was confronted with a report from an examination showing no blood in Hammelman's nose and asked to explain his opinion in light thereof, Rapp finally stated, "My initial hypothesis was that it would have been blood but I don't know what it was that's caused this chronic sinusitis. All I can tell you is before the trauma it wasn't there." Dreesen and Farm Bureau argue that Rapp abandoned his opinion on causation by this statement. We believe that a more correct reading of Rapp's testimony is that if it is posited that Hammelman did not have a nosebleed at the time of the accident, Rapp did not know the cause of the sinusitis, but he did not relent on his opinion of causation because he accepted his patient's medical history as true.

The sufficiency of an expert's opinion is to be judged in the context of the expert's entire statement. *Paulsen v. State*, 249 Neb. 112, 541 N.W.2d 636 (1996); *Bernhardt v. County of Scotts Bluff*, 240 Neb. 423, 482 N.W.2d 262 (1992); *Morton v. Hunt Transp.*, 240 Neb. 63, 480 N.W.2d 217 (1992); *Miner v. Robertson Home Furnishing*, 239 Neb. 525, 476 N.W.2d 854 (1991). A reading of Rapp's deposition in its entirety establishes that Rapp, at all times, believed that Hammelman's sinusitis was caused by his accident on July 14, 1993. Dreesen and Farm Bureau take the above-cited passages from Rapp's deposition out of context. Dreesen and Farm Bureau focus on the fact that Rapp was unable to identify the exact element of the injury or trauma which caused the sinusitis if Hammelman did not have a nosebleed after the accident. The trial court was not clearly erroneous in finding a causal connection between Hammelman's sinusitis and the injury of July 14, 1993, and thus, we affirm the review panel's affirmance of that decision.

AFFIRMED.