STATE OF NEBRASKA, APPELLEE, V. TIM J. DEETS, APPELLANT.
450 N.W.2d 696

Filed January 26, 1990.   No. 89-440.

David J. Warnemunde, of Moyer, Moyer, Egley, Fullner & Warnemunde, for appellant.

Robert M. Spire, Attorney General, and Donald E. Hyde for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The defendant has appealed his conviction for driving while intoxicated, a violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1988), which is a Class W misdemeanor. The defendant assigns as errors the failure of the trial court to suppress the results of, and the reception into evidence of, a chemical breath test, when the defendant had not properly been advised of the consequences of his refusal to submit to such test. We affirm.

The defendant was stopped while driving a motor vehicle on July 22, 1988, by a deputy sheriff for Madison County. The officer had observed the defendant's vehicle traveling back and forth across its driving lane, crossing both the centerline and the shoulder line of the road surface. Further observations made by the officer furnished reasonable grounds to suspect that defendant was intoxicated, and he was taken to the sheriff's office.

The deputy then read to the defendant from a form entitled "Implied Consent Advisement." This form explained the penalties for driving while intoxicated and also explained that in the event that defendant refused the breath test, the officer would be required to report the refusal to the Director of Motor Vehicles, who, after a hearing and if deciding that the refusal was not reasonable, would revoke the defendant's driving

privileges for a period of 6 months. The defendant agreed to the test, which gave a reading of .18.

Upon being charged in county court, the defendant moved to suppress the results of the breath test. The motion was overruled. At trial, the defendant objected to the introduction of the results of the breath test. The objection was overruled. The basis of defendant's objection in each instance was that he was not properly advised of the consequences of refusing to submit to such a test.

The defendant, in the argument portion of his brief, makes reference to the requirements of *State v. Gerber*, 206 Neb. 75, 291 N.W.2d 403 (1980). However, an error not assigned will not be considered. Neb. Ct. R. of Prac. 9D(1)d (rev. 1989).

There is no question but that the implied consent advisement was wrong; i.e., one of the consequences of the refusal to submit to the test is that it may result in the revocation of driving privileges for 1 year, not 6 months. Neb. Rev. Stat. § 39-669.16 (Reissue 1988). Although "a penal statute is to be construed strictly, it is to be given a sensible construction in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought to be served." *In re Interest of Richter*, 226 Neb. 874, 875, 415 N.W.2d 476, 477 (1987).

The purpose of the statute requiring the advising of the consequences of a refusal to take a breath test is, among other things, to ensure that the driver knows and is in a position to make a rational and voluntary decision as to whether he or she will comply with the law. The only understanding required by the licensee is an understanding that he or she has been asked to take a test. *State v. Beerbohm*, 229 Neb. 439, 427 N.W.2d 75 (1988).

What is of greatest concern, and certainly what the defendant is suggesting, is that a licensee should not be intimidated into giving a breath sample because of erroneous information. Had the defendant been told that his refusal to submit to testing would result in a 2-year suspension, he might very well have been influenced to take his chances with a not guilty verdict and go ahead and have his breath tested. However, in this instance, he was told that the penalty was only

one-half of what it actually is. It is possible that he could have
been wrongly influenced into *refusing* the test on that basis, but
certainly the threat of a lesser penalty than that actually called
for could not have erroneously influenced him in choosing to
submit to the test. It is axiomatic that error without prejudice
generally calls for no relief.

Because no prejudice appears in the record, the judgment of
the district court in affirming the county court is affirmed.

AFFIRMED.