STATE OF NEBRASKA, APPELLEE, V. ALLEN J. QUANDT, APPELLANT.
451 N.W.2d 272

Filed February 9, 1990.   No. 89-385.

John A. Wolf, of Shamberg & Wolf, for appellant.

Robert M. Spire, Attorney General, and Donald E. Hyde for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Defendant, Allen J. Quandt, appeals from the district court's affirmance of his conviction in the county court for operating a piece of earthmoving equipment on a state highway in violation of the vehicle width limitations contained in Neb. Rev. Stat. § 39-6,177 (Reissue 1988) and the weight limitations provided in Neb. Rev. Stat. § 39-6,180 (Reissue 1988). Among other assignments of error, Quandt contends that the district court mistakenly concluded the county court correctly found the evidence sufficient to support the charges. That assignment of error being meritorious, we reverse the judgment of the district court and remand the cause with the direction that the district court return the matter to the county court for dismissal of the charges.

Quandt, the owner of an 11-foot-5-inch-wide, 39-ton earthmoving scraper, or Caterpillar, with twin engines and "big rubber tires," had been engaged by C. R. Frederick, Inc., a contractor employed by the Federal Bureau of Reclamation, to remove earthen matter along a river near North Loup, Nebraska, so that a pipe could be placed under the river. Upon completing that task, Quandt needed to move the scraper to another site located more than 40 miles from the Frederick site. Having determined that other routes would have been unsafe, Quandt drove the scraper west from the jobsite about half a mile and then south about 3 miles until reaching Highway 11, a dustless-surfaced state highway.

After traveling on the highway for approximately 1 mile, Quandt was stopped at a little before 1 o'clock in the afternoon by State Patrol Trooper Carroll Harris. Harris determined that Quandt did not have a permit to operate the scraper upon the highway and issued him a citation for operating the scraper in violation of the above-stated statutory provisions.

At trial, the State introduced evidence that Quandt could have taken another nonpaved highway route to reach his

destination. Quandt, however, demonstrated that no route other than the one he took was available to him because along the other possible routes, including the one suggested by the State, there were bridges which the 39-ton scraper could not cross safely. The parties stipulated that the left front single wheel of the scraper carried a weight of 22,200 pounds, that the right front single wheel carried a weight of 24,400 pounds, and that the rear axle carried a weight of 31,500 pounds.

No constitutional issues having been raised, resolution of the case depends solely upon the construction, interpretation, and application of §§ 39-6,177 and 39-6,180 and of a related statute, a matter of law in connection with which this court has the obligation to reach an independent conclusion irrespective of the determinations made by the courts below. *State v. Wren, ante* p. 291, 450 N.W.2d 684 (1990); *Perkins v. Equal Opportunity Comm., ante* p. 359, 451 N.W.2d 91 (1990).

Section 39-6,177 prohibits the presence on any highway of any vehicle which exceeds a total outside width of 102 inches (8.5 feet), including any load but excluding designated safety devices. Exempted from this limitation, however, is the presence on highways which are not a part of the National System of Interstate and Defense Highways of equipment "thirteen feet or less in width to be used in highway or other public construction or in agricultural land treatment in temporary movement during daylight hours on roads other than dustless-surfaced state highways and for necessary access to points on such highways." § 39-6,177(2)(f).

Section 39-6,180 establishes certain statutory weight limitations.

Neb. Rev. Stat. § 39-6,181(1) (Reissue 1988) authorizes the Nebraska Department of Roads or the Nebraska State Patrol, with respect to highways under its jurisdiction, including the National System of Interstate and Defense Highways, to issue special permits for the operation under certain specified circumstances of vehicles which violate the statutory size, weight, or load limitations. It also provides:

> No permit shall be required for the temporary movement on roads other than dustless-surfaced state highways and for necessary access to points on such highways during

daylight hours of cost-saving equipment to be used in highway or other public construction or in agricultural land treatment when such temporary movement is necessary and for a reasonable distance.

In discerning the meaning of the foregoing permit exemption, it is to be recalled that statutory language, in the absence of anything indicating to the contrary, is to be given its plain and ordinary meaning. *State v. Ring*, 233 Neb. 720, 447 N.W.2d 908 (1989). It is also the rule that although a penal statute must be strictly construed, such a statute is to be given a sensible construction in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought to be served. *State v. Deets, ante* p. 307, 450 N.W.2d 696 (1990). However, it is not within the province of this court or any other tribunal to read a meaning into a statute which is not warranted by its language. *Spangler v. State*, 233 Neb. 790, 448 N.W.2d 145 (1989); *Sorensen v. Meyer*, 220 Neb. 457, 370 N.W.2d 173 (1985).

The record implies that Quandt was engaged in public construction and, in the absence of a statutory definition, that by virtue of its use in such activity the scraper was "cost-saving equipment." The controlling question thus becomes: When may qualified overwidth and overweight equipment be moved over "dustless-surfaced state highways" without a permit? The answer provided by § 39-6,181(1) is: when the movement is temporary and necessary for "access to points on such highways." The obvious objective of the exemption is to permit the movement of qualified equipment from one situs to another by the most expeditious route. In that context, "access to points on [dustless-surfaced] highways" means that if there is no other route available, one may move the qualified equipment over a dustless-surfaced highway. The remaining relevant language of the exemption limits the movement to that which is temporary and necessary for a reasonable distance. In the absence of any statutory definition and barring any constitutional infirmity, what is temporary and what constitutes a reasonable distance must be determined from the facts at issue. Here, Quandt demonstrated that no alternative route was available. Therefore, it cannot be said that the evidence proves beyond a

reasonable doubt that Quandt violated either § 39-6,177 or § 39-6,180.

REVERSED AND REMANDED WITH DIRECTION.