MARY A. GATEWOOD, APPELLANT, V. LAVORA V. POWELL, APPELLEE.

511 N.W.2d 159

Filed April 27, 1993.   No. A-91-932.

John C. Lindsay, of Lindsay & Lindsay, for appellant.

James E. Fellows, Deputy Omaha City Attorney, and Paul C. Pennington for appellee.

CONNOLLY, MILLER-LERMAN, and WRIGHT, Judges.

MILLER-LERMAN, Judge.

Mary A. Gatewood, appellant, filed a negligence action on February 1, 1991, against LaVora V. Powell (Beaunea), appellee, in the district court for Douglas County claiming damages as a result of an automobile accident which occurred on February 4, 1987. At the time of the accident, Powell was on duty as a police officer employed by the city of Omaha. Powell was sued individually and was named as the only defendant. Powell moved for summary judgment, claiming that the action was time barred. The district court granted the motion and dismissed the action. This appeal followed. For the reasons recited below, we reverse the district court's judgment.

When reviewing an order sustaining a motion for summary judgment, an appellate court views the evidence in a light most

favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences deducible from the evidence. *Turek v. St. Elizabeth Comm. Health Ctr.*, 241 Neb. 467, 488 N.W.2d 567 (1992). In cases involving issues of law, an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. See, *Nebraska Builders Prod. Co. v. Industrial Erectors*, 239 Neb. 744, 478 N.W.2d 257 (1992); *State v. Quandt*, 234 Neb. 402, 451 N.W.2d 272 (1990). Both parties agree that in the instant case the sole issue on appeal is the legal issue of determining the applicable statute of limitations.

A review of the record shows that the automobile accident occurred on February 4, 1987. It is undisputed that Gatewood delivered her notice of claim to the city clerk for the city of Omaha on February 4, 1988. It is further undisputed that Gatewood filed her negligence petition against Powell on February 1, 1991.

In her motion for summary judgment and again on appeal, Powell argues that Gatewood's action is time barred under the 2-year rule found in the Political Subdivisions Tort Claims Act. See Neb. Rev. Stat. § 13-919(1) (Reissue 1991). Powell contends that the Political Subdivisions Tort Claims Act was amended in 1987 so that a claim against employees of a political subdivision would be subject to the same 2-year statute of limitations for filing lawsuits as claims directed against the political subdivision.

Powell notes that two sections of the Political Subdivisions Tort Claims Act specifically address lawsuits for acts by employees of political subdivisions. Lawsuits based on acts occurring after May 13, 1987, are controlled by Neb. Rev. Stat. § 13-920 (Reissue 1991), which requires that a claim be filed within 1 year and which contains an explicit 2-year statute of limitations for bringing a lawsuit, § 13-920(3). Lawsuits for acts by employees of political subdivisions which occurred before May 13, 1987, such as the instant case, are controlled by Neb. Rev. Stat. § 13-921 (Reissue 1991). This section requires that a claim be filed with the governing body within 1 year, but, as Powell acknowledges, is silent as to the applicable statute of limitations for bringing a lawsuit. Section 13-921 reads as

follows:

> After January 1, 1988, all suits against any employee of a political subdivision for money on account of damage to or loss of property or personal injury . . . caused by any negligent or wrongful act or omission of the employee while acting within the scope of his or her office or employment and occurring prior to May 13, 1987, shall be forever barred unless the party seeking recovery had, within one year after such claim accrued, submitted a claim in writing to the governing body of the political subdivision in accordance with section 13-905.

Powell argues that the silence of § 13-921 as to the applicable statute of limitations for claims against employees for acts occurring before May 13, 1987, is answered by reliance on the 2-year provision found in § 13-919 in subsections (1) and (5), which read as follows:

> (1) Every claim against a political subdivision permitted under the Political Subdivisions Tort Claims Act shall be forever barred unless within one year after such claim accrued the claim is made in writing to the governing body. Except as otherwise provided in this section, all suits permitted by the act shall be forever barred unless begun within two years after such claim accrued. . . .
>
> . . . .
>
> (5) This section and section 25-213 shall be the only statutes of limitations applicable to tort claims as defined in the act.

Powell argues that based on the foregoing, the statute of limitations for actions brought against employees of political subdivisions for acts occurring prior to May 13, 1987, pursuant to § 13-921 is 2 years, as found in § 13-919(1).

Powell further argues that in the event that this court finds ambiguity in the foregoing statutory language, resort to legislative history supports her interpretation. See *Georgetowne Ltd. Part. v. Geotechnical Servs.*, 230 Neb. 22, 430 N.W.2d 34 (1988).

In response, Gatewood contends that her lawsuit is controlled by § 13-921, which encompasses the ever-diminishing body of cases brought against employees and

arising from acts occurring prior to May 13, 1987. Gatewood notes that § 13-921 requires merely that a claim be filed within 1 year and that the statute is silent as to the applicable statute of limitations for bringing a lawsuit. Gatewood argues that § 13-919, including its 2-year statute of limitations, is limited to suits against political subdivisions and that the expression "all suits permitted by the act" in § 13-919(1) is qualified by the preceding sentence, which limits the application of § 13-919(1) to suits against a "political subdivision." Gatewood observes that the rules for suits against employees are controlled by §§ 13-920 and 13-921. Gatewood argues on appeal that her claim was improperly dismissed because in the absence of a statute of limitations for cases based on acts occurring before May 13, 1987, the 4-year statute of limitations applicable to ordinary torts, Neb. Rev. Stat. § 25-207(2) (Reissue 1989), applies to her cause of action against Powell. We agree.

In ruling on the issue before us, this court is mindful of the various rules of statutory construction. Specifically, it has been observed that the language of a statute should be given its plain and ordinary meaning and when the words of a statute are "plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning." *Hamilton v. Hamilton*, 242 Neb. 687, 693, 496 N.W.2d 507, 511 (1993).

The Nebraska Supreme Court has further stated that when a court must interpret a statute that is in a series or collection all relating to a certain subject matter, these statutory components are in pari materia and may be considered conjunctively in determining the Legislature's intent. *State v. Garza*, 242 Neb. 573, 496 N.W.2d 448 (1993). The goal is to interpret the different provisions of the act in a " ' "consistent, harmonious, and sensible" ' " manner. *Id.* at 584, 496 N.W.2d at 456. Finally, this court will, when possible, "give effect to every word, clause, and sentence of a statute, since the Legislature is presumed to have intended every provision of a statute to have a meaning." *Sorensen v. Meyer*, 220 Neb. 457, 463, 370 N.W.2d 173, 177 (1985).

Guided by the foregoing principles of statutory construction, this court notes that the 2-year statute of limitations found in § 13-919(1), as is evident from the first sentence of

§ 13-919(1), applies to "[e]very claim against a political subdivision." A "political subdivision" is a defined term in the Political Subdivisions Tort Claims Act. Pursuant to Neb. Rev. Stat. § 13-903(1) (Reissue 1991), a "[p]olitical subdivision" shall mean "villages, cities of all classes, counties, school districts, public power districts, and all other units of local government, including entities created by local public agencies pursuant to the Interlocal Cooperation Act. Political subdivision shall not be construed to include any contractor with a political subdivision." Powell is not a political subdivision.

The second full sentence of § 13-919(1) provides as follows: "Except as otherwise provided in this section, *all suits permitted by the act* shall be forever barred unless begun within two years after such claim accrued." (Emphasis supplied.) As noted above, Powell argues that this language, and thus the 2-year limitation period, is also applicable to actions arising under § 13-921 against employees of political subdivisions.

The quoted language contained in § 13-919(1), originally codified at Neb. Rev. Stat. § 23-2416 (Cum. Supp. 1969), has been part of the Political Subdivisions Tort Claims Act since it became effective on December 25, 1969. Section 13-919(1) clearly predates §§ 13-920 and 13-921, and the quoted language from 13-919(1), as enacted in 1969, applies *only* to suits filed against "political subdivisions." Further, if in 1987 the Legislature had intended the 2-year limitation period of 13-919(1) to be applicable to §§ 13-920 and 13-921, then the explicit addition of the 2-year limitation period in § 13-920(3) would have been redundant and superfluous. Additionally, had the Legislature intended to limit parties affected by § 13-921 to a 2-year statute of limitations, it could have explicitly added such a provision, as it did in § 13-920. "A court cannot, under the guise of its powers of construction, rewrite a statute, supply omissions, or make other changes and this is particularly true where it appears . . . that the matter was intentionally omitted." *Bessey v. Board of Educational Lands & Funds*, 185 Neb. 801, 804, 178 N.W.2d 794, 797 (1970).

This court further observes that the provision in § 13-919(5) by which the 2-year statute of limitations applies to the Political

Subdivisions Tort Claims Act is limited in the scope of its application to "tort claims as defined in the act." A "tort claim" is defined as

> [A]ny claim against a *political subdivision* for money only on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the political subdivision, while acting within the scope of his or her office or employment, under circumstances in which the political subdivision, if a private person, would be liable to the claimant for such damage, loss, injury, or death but shall not include any claim accruing before January 1, 1970.

(Emphasis supplied.) § 13-903(4). The lawsuit brought by Gatewood is not a "tort claim" against a "political subdivision" and is not controlled by the 2-year provision of § 13-919(1) as applied via § 13-919(5).

This court notes that the predecessor Political Subdivisions Tort Claims Act and its associated cases did not change the common-law rule of joint and several liability in lawsuits involving political subdivisions and their employees. It has been observed that the Political Subdivisions Tort Claims Act was

> designed to waive the common-law governmental immunity from suit and to provide for uniform procedures for the bringing of tort claims against political subdivisions. The waiver of immunity of the political subdivision did not decrease a claimant's rights against individual defendants for their own negligence. The language of the tort claims act supports the conclusion that tort claims can still be brought against individual employees of a political subdivision for their own negligence.

*Dieter v. Hand*, 214 Neb. 257, 261, 333 N.W.2d 772, 774 (1983).

In the instant case, we find that Gatewood's cause of action, arising from the acts of an employee of a political subdivision occurring prior to May 13, 1987, is controlled by § 13-921, for which no explicit statute of limitations is provided. Based on a plain and ordinary reading of the unambiguous statute, see *Hickenbottom v. Hickenbottom*, 239 Neb. 579, 477 N.W.2d 8

(1991), and giving a sensible reading to the statute as a whole, see *State v. Garza*, 242 Neb. 573, 496 N.W.2d 448 (1993), we conclude that the 2-year provision of § 13-919(1) and (5) is inapplicable to this case. Gatewood's negligence action against Powell is controlled by the 4-year statute of limitations found in § 25-207(2) and is not time barred. The district court's order granting summary judgment and dismissing the case is reversed, and the cause is remanded.

REVERSED AND REMANDED.