STATE OF NEBRASKA, APPELLEE, V. ROGER D. JOHNSON, JR.,
APPELLANT.
554 N.W.2d 126

Filed October 11, 1996.   No. S-95-1226.

David L. Kimble for appellant.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

Roger D. Johnson, Jr., was convicted in the Seward County Court of driving while under the influence of alcohol. The district court affirmed the conviction and sentence, and Johnson appealed. The State of Nebraska filed a petition to bypass the Nebraska Court of Appeals, and we granted the State's petition.

### SCOPE OF REVIEW

A conviction in a bench trial of a criminal case must be sustained on appeal if the evidence, viewed and construed in the

light most favorable to the State, is legally sufficient to support that conviction. *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994). In reviewing a criminal conviction, an appellate court must view the evidence in the light most favorable to the prevailing party. *State v. Drinkwalter*, 242 Neb. 40, 493 N.W.2d 319 (1992).

The meaning of a statute is a question of law. In connection with a question of law, a reviewing court has an obligation to reach a conclusion independent of that of the inferior court. *State v. Sundling*, 248 Neb. 732, 538 N.W.2d 749 (1995).

## FACTS

On May 9, 1993, Officer Jerry Chab of the Nebraska State Patrol received a message from a dispatcher to look for a possible drunk driver headed westbound on Interstate 80 in Lancaster County. The officer was provided with a description of the vehicle, as well as its license plate number. He observed a vehicle matching this description exit Interstate 80 without signaling. After turning around, the officer pulled up behind the vehicle, which was stopped on the westbound off ramp of the Pleasant Dale interchange. The vehicle was running, and its headlights were on.

The officer observed two people inside the vehicle. Johnson was seated behind the steering wheel, and the owner of the vehicle, Chris Manning, was in the passenger's seat. Upon contact with Johnson, the officer smelled alcohol and noticed that Johnson's speech was thick and slurred, and that his eyes were bloodshot and watery. The officer had Johnson perform field sobriety tests, which Johnson failed, and administered a preliminary breath test, which Johnson also failed. Johnson was then arrested for driving while under the influence of alcohol.

At trial, Johnson testified that he and Manning were returning to Exeter from Lincoln and that Manning was driving the vehicle when Johnson noticed Manning had begun to doze off. Johnson said that he offered to drive the rest of the way and that Manning then exited the Interstate. Johnson testified that he felt "okay to drive, so that's why I offered, I guess, to take over." Johnson testified that after the vehicle stopped, he

moved to the driver's seat. There was no testimony that Johnson was actually touching the controls of the vehicle when he was approached by the officer. Manning testified that he was driving when the vehicle pulled off the Interstate at the Pleasant Dale interchange.

The Seward County Court found that Johnson was "in operation" of a motor vehicle while in violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1992) (now codified at Neb. Rev. Stat. § 60-6,196 (Reissue 1993)). The district court affirmed, and Johnson appealed.

## ASSIGNMENT OF ERROR

Johnson asserts that the district court erred in finding that he was operating a motor vehicle while under the influence of alcohol, in violation of § 39-669.07.

## ANALYSIS

Johnson was convicted under § 39-669.07, which provides in relevant part:

> (1) It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle:
>
> (a) While under the influence of alcoholic liquor or of any drug;
>
> (b) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood; or
>
> (c) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath.

Johnson does not dispute that he was under the influence of alcohol or that he had more than the permitted amount of alcohol in his breath or blood. He claims that the evidence fails to establish beyond a reasonable doubt that he was operating or in actual physical control of a motor vehicle within the meaning of § 39-669.07.

Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the courts below. *State v. Null*, 247 Neb. 192, 526 N.W.2d 220 (1995). We have not addressed the distinc-

tion, if one exists, between "operate" and "actual physical control" as those terms are used in § 39-669.07.

In *State v. Baker*, 236 Neb. 261, 461 N.W.2d 251 (1990), we interpreted the meaning of "operate" under § 39-669.07. Baker was behind the wheel of a suburban vehicle that was being pulled from a ditch. The arresting officer observed that the suburban's engine was running, and its reverse lights were on. The officer saw the suburban move backward under its own power toward the pickup. Baker was arrested for driving while intoxicated. We held that "operate," as used in § 39-669.07, means the " 'actual physical handling of the controls of the vehicle' . . . ." See *Baker*, 236 Neb. at 264, 461 N.W.2d at 253. There, Baker was actually physically handling the controls of the vehicle, and his conviction was upheld.

In the present case, the State argues that the statutory definition of driving while under the influence is disjunctive. It permits a conviction if the State proves either (1) that the defendant was "operating" a vehicle or (2) that the defendant was in "actual physical control" of the vehicle while under the influence. Based upon our holding in *Baker* that the term "operate" means actual physical handling of the controls of the vehicle, the State argues that the second prong of the statute—actual physical control—must criminalize behavior that is different from actual physical handling of the controls of the vehicle.

However, in the present case, the sufficiency of the evidence to support the conviction does not depend upon whether Johnson actually had his hands on the controls of the vehicle or was in actual physical control of the vehicle. There are two cases in which we upheld driving while under the influence convictions without direct evidence that the defendant had physically handled the controls of the vehicle.

In *State v. Eckert*, 186 Neb. 134, 181 N.W.2d 264 (1970), the defendant's vehicle was found parked in the right-hand lane of a public highway. The defendant was the sole occupant of the vehicle and was slumped over the steering wheel in a drunken stupor. We held this evidence was sufficient to demonstrate that the defendant had operated his vehicle while under the influence of alcohol because circumstantial evidence

established that the defendant had driven the vehicle to the point where it had stopped on the highway.

Similarly, in *State v. Miller*, 226 Neb. 576, 412 N.W.2d 849 (1987), the defendant's vehicle was stopped sideways in the road, blocking traffic. The defendant was the sole occupant of the vehicle, had no clear recollection of the events leading up to the accident, and was under the influence of alcohol. We held there was sufficient circumstantial evidence to establish that the defendant had operated the vehicle while under the influence, because he had driven to the point where his vehicle stopped in the road.

In the case at bar, the evidence places Johnson behind the wheel of the vehicle which was stopped on the westbound off ramp of an Interstate 80 exit. The vehicle was running, and its headlights were on. There was sufficient circumstantial evidence to establish that Johnson was operating the vehicle. Although Manning was in the passenger's seat and he and Johnson testified that they had stopped and changed places, the weight and credibility of this evidence are for the trier of fact. Factual findings of a judge who serves as the trier of fact in a criminal case will not be disturbed on appeal unless clearly wrong. *State v. Wilson*, 238 Neb. 217, 469 N.W.2d 749 (1991).

In determining whether there is sufficient evidence to sustain a conviction in a bench trial, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or reweigh the evidence, which are within the fact finder's province for disposition. *State v. Conklin*, 249 Neb. 727, 545 N.W.2d 101 (1996). There was sufficient circumstantial evidence that Johnson had driven the vehicle which was stopped on the Interstate off ramp. A fact proved by circumstantial evidence is nonetheless a proven fact. *State v. Pierce*, 248 Neb. 536, 537 N.W.2d 323 (1995).

A conviction in a bench trial of a criminal case must be sustained on appeal if the evidence, viewed and construed in the light most favorable to the State, is legally sufficient to support that conviction. *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994). The evidence established that Johnson

was found behind the wheel of a vehicle which was parked on an Interstate off ramp with the engine running and the headlights on. Viewing this evidence, and all reasonable inferences therefrom, in the light most favorable to the State, we conclude that the evidence was sufficient to establish that Johnson was operating a motor vehicle while in violation of § 39-669.07. The judgment of conviction and sentence are affirmed.

AFFIRMED.

LANPHIER, J., participating on briefs.