STATE OF NEBRASKA, APPELLEE,
v. DANIEL RICHARD LUJANO, APPELLANT.
557 N.W.2d 217

Filed December 6, 1996.   No. S-95-1336.

Thomas J. Garvey, Sarpy County Public Defender, and Gregory A. Pivovar for appellant.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

Daniel Richard Lujano appeals his conviction for driving while under the influence of alcohol. He claims:

(1) The trial court committed plain error by receiving into evidence a stipulation containing a breath test reflecting that Lujano's breath alcohol content was beyond the legal limit to drive, and

(2) on appeal, the district court for Sarpy County erred in affirming the decision of the trial court finding there was sufficient evidence to support Lujano's conviction.

This appeal was originally filed in the Nebraska Court of Appeals. We authorized the appeal to be transferred to our docket.

We affirm Lujano's conviction for driving while under the influence of alcohol.

## STANDARD OF REVIEW

Regarding questions of law, an appellate court is obligated to reach a conclusion independent of determinations reached by the trial court. *State v. Hansen*, 249 Neb. 177, 542 N.W.2d 424 (1996).

In a bench trial of a law action, including a criminal case tried without a jury, erroneous admission of evidence is not reversible error if other relevant evidence, admitted without objection or properly admitted over objection, sustains the trial court's factual findings necessry for the judgment or decision reviewed; therefore, an appellant must show that the trial court actually made a factual determination, or otherwise resolved a factual issue or question, through use of erroneously admitted evidence in a case tried without a jury. *State v. Lomack*, 239 Neb. 368, 476 N.W.2d 237 (1991). See, also, *State v. Chambers*, 241 Neb. 66, 486 N.W.2d 481 (1992).

The trial court's findings have the effect of a jury verdict and will not be set aside unless clearly erroneous. See, *State v. Secret*, 246 Neb. 1002, 524 N.W.2d 551 (1994); *State v. Hand*, 244 Neb. 437, 507 N.W.2d 285 (1993).

## FACTS

On February 20, 1995, a city of Bellevue police officer was dispatched to an address where a man was reported pounding on the entrance door of an apartment. Upon arriving at the address, the officer discovered that it was Lujano who had been pounding on the apartment door. The apartment was occupied by Lujano's ex-girl friend, the mother of his 2-year-old daughter. The child lived with her mother.

Lujano's ex-girl friend did not want Lujano arrested, but wanted him to leave the area. The police officer told Lujano to leave the area and advised Lujano's ex-girl friend to seek a protective order. While at the disturbance site, the officer detected

an odor of alcohol emanating from Lujano and noticed that Lujano had difficulty maintaining his balance while standing in one spot. The officer also observed that Lujano was "obviously too intoxicated to drive" and advised him to walk to an Albertson's store or to the Southroads Mall and summon someone by telephone for a ride to his home. The officer also told Lujano that if he was seen driving, he would probably be arrested for driving while under the influence of alcohol. Lujano did not heed the officer's warning about driving.

After the police officer's warning about driving, Lujano obtained the officer's permission to roll up the windows of the automobile he had driven to the scene. While the officer was in his police cruiser logging his investigation, Lujano started the vehicle he had driven to the scene and drove to Albertson's parking lot, where he parked. When the officer observed Lujano driving, he immediately turned on his police cruiser's emergency lights and followed Lujano to the parking lot.

At the parking lot, the officer physically stopped Lujano from entering Albertson's. Pursuant to the officer's request, Lujano recited a portion of the alphabet twice but each time slurred some of the letters. Because Lujano claimed he was disabled, the officer did not ask Lujano to perform the usual physical field sobriety tests. A preliminary breath test given Lujano at the parking lot showed Lujano's breath alcohol content to be .256, well over the legal limit for driving a motor vehicle. At that point, the officer arrested Lujano for driving while under the influence of alcohol.

Lujano was then taken to the Sarpy County jail, where he was given an Intoxilyzer test. That test reflected that Lujano had a concentration of .245 of 1 gram of alcohol per 210 liters of his breath—again, well over the .10 legal limit. See Neb. Rev. Stat. § 60-6,196(1)(c) (Reissue 1993). On his "Operation of Motor Vehicle Intoxication Report," the arresting officer reported that the effect of alcoholic beverage on Lujano was "[o]bvious" and that his attitude was "[u]ncooperative" and "[t]hreatening." The report reflects that Lujano admitted that he had been drinking beer on the day of his arrest.

Lujano was charged in the Sarpy County Court with violating § 60-6,196, which provides in relevant part:

It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle:

(a) While under the influence of alcoholic liquor or of any drug;

. . . .

(c) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath.

Of relevancy here, in the Sarpy County Court, Lujano entered a plea of not guilty, and the case was submitted for determination to the judge sitting without a jury, on stipulated facts and the officer's written report. By agreement, excluded from consideration by the court were the results of a horizontal gaze nystagmus test and the preliminary breath test. There was no objection by Lujano to the introduction into evidence of the result of his Intoxilyzer breath test. The trial court found, beyond a reasonable doubt, that Lujano was guilty of driving while under the influence of alcohol. Subsequently, Lujano was sentenced to probation for 9 months, fined $50, and ordered not to drive a motor vehicle for 60 days.

Lujano appealed his conviction to the district court for Sarpy County. Restated and summarized, Lujano's claims were that the trial court (1) erred in denying his plea in bar with regard to driving under the influence, (2) erred because his conviction was barred based upon double jeopardy, (3) committed plain error in allowing the Intoxilyzer test of Lujano's breath into evidence, and (4) erred in finding there was sufficient evidence to convict him.

The district court found that Lujano's first two assignments or error were without merit. They revolved around the administrative revocation of Lujano's driving privileges following his arrest. Lujano did not preserve his first two district court assignments of error for consideration by this court, and they, therefore, require no further discussion.

In his third assignment of error to the district court, Lujano claimed that the trial court committed plain error in allowing the result of his Intoxilyzer test into evidence. It appears from the record that the district court erroneously determined that Lujano's objection to the Intoxilyzer test was sustained by the

county judge. The county court record reflects that Lujano made no objection to receiving into evidence the Intoxilyzer breath test he took at the Sarpy County jail. The result of that test was included in the police report which was received in evidence without objection at the trial court level. It was Lujano's objection to the preliminary breath test result obtained in Albertson's parking lot that was sustained.

The district court correctly found that the trial court record fails to reflect that the county judge considered Lujano's Intoxilyzer breath test in adjudicating Lujano's guilt on the charge in this case. The district court held that even without considering the Intoxilyzer test result, there was sufficient evidence to convict Lujano of driving while under the influence of alcohol. The district court affirmed Lujano's conviction because "[t]he observations of the officers [sic] are contained in a written report received in evidence and the observations justify the opinions and conclusions that the defendant was intoxicated and drove an automobile in that condition." While a second officer was at the disturbance scene, the report presented to the county judge contained no observations by him.

## ANALYSIS

In his first assignment of error to this court, Lujano contends that the trial court committed plain error by receiving into evidence a stipulation which contained the result of a breath test which reflects that the alcohol content of his breath was above the legal limit to drive a motor vehicle. In his second assignment of error to this court, Lujano claims there was insufficient evidence to convict him of driving while under the influence of alcohol. In this analysis, we consider both of Lujano's assignments of error and find that neither has merit.

In a bench trial of a law action, including a criminal case tried without a jury, erroneous admission of evidence is not reversible error if other relevant evidence, admitted without objection or properly admitted over objection, sustains the trial court's factual findings necessary for the judgment or decision reviewed; therefore, an appellant must show that the trial court actually made a factual determination, or otherwise resolved a factual issue or question, through use of erroneously admitted

evidence in a case tried without a jury. *State v. Lomack*, 239 Neb. 368, 476 N.W.2d 237 (1991).

For the purpose of disposing of this appeal, we assume arguendo that the trial court committed plain error in admitting the result of Lujano's Intoxilyzer test into evidence. Lujano has not shown that the trial court, sitting without a jury, actually made a factual determination of Lujano's guilt through the use of the allegedly erroneously admitted evidence. After a careful review of the record, we affirm the district court's holding, that without considering Lujano's Intoxilyzer breath test result, there is sufficient other relevant stipulated and uncontroverted evidence in the record for the trial court to have found Lujano guilty of driving while under the influence of alcohol. We further affirm the district court's determination that the observations of the investigating officer are contained in a written report received in evidence, and his observations justify the opinions and conclusions that Lujano was intoxicated and drove an automobile in that condition.

The trial court was not clearly wrong in finding Lujano guilty of driving while under the influence of alcohol.

## CONCLUSION

We affirm the judgment of the district court for Sarpy County.

AFFIRMED.