JERRY W. BENNETT, APPELLANT, V.
J. C. ROBINSON SEED CO., APPELLEE.
583 N.W. 2d 370

Filed August 18, 1998.    No. A-97-1185.

Stephen L. Gerdes, of Law Offices of Stephen L. Gerdes, for appellant.

Melvin C. Hansen and Julie M. Martin, of Hansen, Engles & Locher, P.C., for appellee.

HANNON, IRWIN, and INBODY, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Jerry W. Bennett appeals from an order of the Workers' Compensation Court review panel which affirmed an order of the Workers' Compensation Court dismissing Bennett's application to modify a previous compensation award. On appeal, Bennett challenges the court's conclusion that he failed to demonstrate a material and substantial increase in his incapacity since the time of the previous award and the court's method of computing the amount of temporary total disability benefits to which Bennett was entitled for a short period of temporary total disability. For the reasons stated herein, we affirm in part and in part reverse, and remand with directions.

## II. BACKGROUND

Bennett was injured in a work-related accident on April 28, 1987. As a result of the accident, Bennett suffered injuries to his back. Bennett was awarded temporary total disability benefits and permanent partial disability benefits in an award on August 15, 1989. The initial permanent partial disability award was computed based upon a finding that Bennett had suffered a 40-percent permanent impairment of earning capacity. On September 15, 1992, the court modified the initial award by raising Bennett's impairment rating to 60 percent and modifying his permanent partial disability benefits accordingly.

On May 14, 1996, Bennett filed a petition to modify the September 1992 compensation award. Bennett alleged that he had suffered a material and substantial increase in his incapacity and sought to have the court declare him permanently totally

disabled. On January 13, 1997, the compensation court entered an "Order of Dismissal." In the order, the court found that Bennett failed to prove by a preponderance of the evidence that he had suffered a material and substantial increase in incapacity. The court found that Bennett had suffered a short period of temporary total disability during October and November 1994 and held that Bennett was entitled to temporary total disability benefits for a 2⁴/₇-week period. The entire temporary total disability period occurred after Bennett had received his full 300 weeks of permanent partial disability benefits pursuant to Neb. Rev. Stat. § 48-121(2) (Reissue 1993). Nonetheless, the compensation court gave defendant, J. C. Robinson Seed Co. (J. C. Robinson), credit for having paid past partial disability benefits based on an impairment rating of 60 percent and ordered it to pay the 2⁴/₇ weeks of temporary total disability benefits based on the remaining 40-percent impairment rating.

On October 23, 1997, the review panel entered an order of affirmance on review. The review panel held that the compensation court's factual findings were not clearly wrong and that they were supported by competent evidence. Bennett filed this timely appeal.

## III. ASSIGNMENTS OF ERROR

On appeal, Bennett has assigned nine errors. Because a number of these assigned errors are merely restatements of one another, we have consolidated the assigned errors for discussion to two. First, Bennett asserts that the compensation court erred in finding that he failed to prove a material and substantial increase in incapacity. Second, Bennett asserts that the court erred in giving J. C. Robinson credit for past permanent partial disability benefits when computing the amount he was entitled to receive for the period of temporary total disability.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 1993), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment,

order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Smart v. Scrivner/Food 4 Less*, 254 Neb. 111, 574 N.W.2d 505 (1998); *Hammelman v. Dreesen Enters.*, 6 Neb. App. 564, 575 N.W.2d 176 (1998). In determining whether to affirm, modify, reverse, or set aside the judgment of the review panel, a higher appellate court reviews the findings of the trial judge who conducted the original hearing. *Hammelman v. Dreesen Enters., supra.*

■ Findings of fact made by a Workers' Compensation Court after review have the same force and effect as a jury verdict and will not be set aside unless clearly erroneous. *Id.* However, as in other cases, an appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Smart v. Scrivner/Food 4 Less, supra*; *Hammelman v. Dreesen Enters., supra.*

### 2. INCREASED INCAPACITY

■ Neb. Rev. Stat. § 48-141 (Reissue 1993) provides the statutory authority for an action to modify a previous compensation award. Under § 48-141, an applicant seeking modification of a workers' compensation award must prove by a preponderance of the evidence that the increase in his or her incapacity is due solely to the injury resulting from the original accident. *Hohnstein v. W.C. Frank*, 237 Neb. 974, 468 N.W.2d 597 (1991). In proving an increase in incapacity, the applicant must demonstrate by a preponderance of the evidence that there exists a material and substantial change for the worse in the applicant's condition justifying a modification and distinct and different from that for which an adjudication has been previously made. *Id.*

In the present case, Bennett testified that various physical symptoms had gotten worse since the most recent award was entered in September 1992. Additionally, Bennett offered various medical records and office notes from treating physicians to support his claim that his physical condition had deteriorated. Bennett did not offer any evidence that his impairment rating had changed, except that his treating physician's notes indicated that he may have become "totally disabled."

In concluding that Bennett failed to demonstrate a material and substantial change in incapacity, the compensation court found that most, if not all, of the physical complaints which Bennett testified about had been documented in medical records prior to September 1992 and that Bennett had failed to provide any numerical impairment rating. The court considered two functional capacity assessments and various vocational rehabilitation reports contained in the record.

Previous cases in Nebraska recognize that in order to succeed in obtaining a modification, an applicant must demonstrate a change in his or her physical disability. See, *Gomez v. Kenney Deans, Inc.*, 232 Neb. 646, 441 N.W.2d 632 (1989); *Ludwickson v. Central States Electric Co.*, 142 Neb. 308, 6 N.W.2d 65 (1942). As such, where a claimant is unable to demonstrate that his physical condition has changed since the prior award, a compensation court does not commit error in refusing to modify the previous award. *Gomez v. Kenney Deans, Inc., supra.*

The record in the present case contains competent evidence to support the compensation court's conclusion that Bennett failed to demonstrate a material and substantial change in incapacity. The rehabilitation specialist concluded that there were "no knew [sic] objective findings other than [Bennett] has reported increased pain. Dr. Bowman does report degenerative changes, however, degenerative changes have been noted in the medical records going back to 1981." Because there was competent evidence to support a finding that Bennett's physical condition had not materially changed, we conclude that the compensation court was not clearly wrong in finding that Bennett failed to meet his burden of proof.

### 3. CREDIT FOR PAST PARTIAL DISABILITY BENEFITS

The compensation court found that Bennett had demonstrated that he was temporarily totally disabled during a period of time between October 24 and November 10, 1994. During those 2⁴/₇ weeks, J. C. Robinson failed to pay Bennett any compensation for his disability, and his period of partial disability payments pursuant to § 48-121(2) had expired. The compensation court concluded that Bennett was entitled to temporary total disability benefits for the 2⁴/₇-week period. However, rather

than awarding Bennett benefits computed at a rate of 100-percent impairment, the court gave J. C. Robinson credit for having previously paid benefits computed at a rate of 60-percent impairment and ordered that Bennett receive 2⁴/₇ weeks' compensation computed at a rate of 40-percent impairment.

Section 48-121(2) limits the number of partial disability payments which may be received by a plaintiff to 300 weeks' payments. Section 48-121(2) further provides that if a period of temporary total disability is followed by partial disability, then the 300-week period is to be reduced by the number of weeks for which temporary total disability benefits are paid. Bennett argues on appeal that § 48-121(2) does not apply when the period of temporary total disability occurs *after* the conclusion of partial disability payments but applies only where the period of temporary total disability occurs *before* a portion of the partial disability period.

The general rules of statutory interpretation in Nebraska provide that in the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning, and when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *Memorial Hosp. of Dodge Cty. v. Porter*, 251 Neb. 327, 557 N.W.2d 21 (1996). It is not within the province of a court to read anything plain, direct, and unambiguous out of a statute. *Memorial Hosp. of Dodge Cty. v. Porter*, 4 Neb. App. 716, 548 N.W.2d 361 (1996). An appellate court will, if possible, give effect to every word, clause, and sentence of a statute, since the Legislature is presumed to have intended every provision of a statute to have a meaning. *Id.*; *Gatewood v. Powell*, 1 Neb. App. 749, 511 N.W.2d 159 (1993).

In light of the foregoing principles, we conclude that the compensation court erred in determining that Bennett's period of temporary total disability, which occurred entirely after he had received his entire permanent partial disability award of 300 weeks' payments, should be computed based on a 40-percent impairment instead of a 100-percent impairment. The effect of the court's action was to reduce the 300-week period of partial disability payments by the 2⁴/₇-week period of total disability which occurred *after* Bennett's partial disability. The wording

of § 48-121(2), in plain and unambiguous language, provides that such a reduction is to be done when "total disability [is] followed by partial disability." To hold that the compensation court was correct in reducing the period of partial disability by the number of weeks of temporary total disability occurring after the partial disability would render the above-quoted language meaningless.

### 4. SIGNATURES ON REVIEW PANEL DECISION

We note that Bennett also indicates in his brief that the order of the review panel was "signed by only two of the three judges who heard the case." Brief for appellant at 2. Our review of the record indicates that this is correct. The order of the review panel contains three lines, with the word "Judge" immediately below each line. On two of the three lines are signatures, while the third line remains blank. Nothing else on the order indicates who the third judge was or what the third judge's decision was.

Workers' Comp. Ct. R. of Proc. 12 (1998) provides that an appeal from a trial judge's decision will be to "a three-judge panel." There is no allegation raised by Bennett that his review was heard by less than a complete panel, and he has not assigned or argued any error concerning the fact that only two of the judges signed the order. In *Craig v. American Community Stores Corp.*, 205 Neb. 286, 287 N.W.2d 426 (1980), the Nebraska Supreme Court noted that a decision of the review panel, even if signed by only one of the judges, constitutes a valid judgment so long as the findings and award are concurred in by at least two of the three judges. As such, despite the confusion caused by the review panel's actions in this case, and despite the fact that the review panel's order would be clearer if all three judges' votes were reflected on this order, we need not comment further on the failure of the third judge to render a signature on the order of the review panel.

### V. CONCLUSION

We conclude that the compensation court was not clearly wrong in finding that Bennett failed to meet his burden of establishing a material and substantial change in his physical condition, and the compensation court's order is affirmed in that regard. We conclude that the court erred, however, in comput-

ing Bennett's temporary total disability award for the period of October 24 through November 10, 1994. As a result, we reverse that portion of the court's order and remand the case with directions to enter an award of temporary total disability in conformance with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.